

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-11-00666-CV

**THREE HUNDRED EIGHTY-NINE THOUSAND NINE HUNDRED FIVE AND NO/100 DOLLARS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kimble County, Texas
Trial Court No. DCV-2010-1022
The Honorable M. Rex Emerson, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:         Catherine Stone, Chief Justice
                 Karen Angelini, Justice
                 Marialyn Barnard, Justice

Delivered and Filed:  December 19, 2012

AFFIRMED

This is an appeal from an order granting summary judgment in a forfeiture case. The State moved for summary judgment, arguing that the doctrine of collateral estoppel precluded Dillon Emanuel Powell from raising any fact issue in response to its motion that was previously litigated and essential to the judgment in his prior criminal trial. *See Property v. State*, No. 06-11-00113-CV, 2012 WL 1940805, at *4 (Tex. App.—Texarkana May 22, 2012, no pet.). On appeal, Powell does not argue that collateral estoppel should not apply, but instead asserts issues

related to his criminal trial: (1) the "trial court erred in denying appellant's motion to suppress evidence based on an illegal search of the car [that] appellant was driving"; and (2) "appellant did not furnish consent to the search of the car in a clear and convincing manner." These issues do not relate to the trial court's actions in the forfeiture case, as Powell did not file a motion to suppress in the forfeiture case. The "trial court" to which Powell is referring is the trial court in the criminal case, which denied his motion to suppress. Powell appealed, and on August 22, 2012, this Court affirmed Powell's conviction for felony money laundering, holding that the evidence was sufficient to support his conviction and that the trial court did not err in denying his motion to suppress. *See Powell v. State*, No. 04-11-00495-CR, 2012 WL 3597199 (Tex. App.—San Antonio Aug. 22, 2012, no pet.). Powell did not file a petition for discretionary review with the Texas Court of Criminal Appeals, and mandate issued on October 24, 2012. We therefore overrule Powell's first two issues. *See Property*, 2012 WL 1940805, at *4 (holding that appellant was not entitled to relitigate issue of suppression in forfeiture case that was raised and litigated in criminal case).

Powell also argues that the "State failed to show that any felony had been committed by the appellant." According to Powell, "[i]n order to support a forfeiture, the State must prove that an underlying felony was committed." Powell stresses that there is no such evidence "[i]n the entire record on their forfeiture proceeding which is before the Court [or] in the criminal trial (the subject matter of an appeal under Cause No. 04-11-00495-CR)." Whether there was sufficient evidence was also an issue litigated in Powell's criminal case. On appeal of his criminal conviction for money laundering, this Court held that "the underlying criminal activity was the delivery of a controlled substance, a felony" and that the evidence was sufficient "to prove the money located during the search of Powell's vehicle was involved in criminal activity." *Powell*, 2012 WL 3597199, at *4.

We affirm the judgment of the trial court.

Karen Angelini, Justice